UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Mary Girsch-Bock,<br><br>              Plaintiff,<br>v.<br><br>Medicredit, Inc.,<br><br>              Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Mary Girsch-Bock, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Mary Girsch-Bock ("Plaintiff"), is an adult individual residing in Rio Rancho, New Mexico, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Medicredit, Inc. ("Medicredit"), is a Missouri business entity with an address of 3 Cityplace Drive, Suite 6900, St. Louis, Missouri 63141, and is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

5. In or around December 2015, Medicredit began calling Plaintiff's cellular telephone, number 817-xxx-2645, using an automatic telephone dialing system ("ATDS").

6. When Plaintiff answered calls from Medicredit, she heard silence followed by an automated click before the call was transferred to a Medicredit operator.

7. On or about December 10, 2015, Plaintiff spoke with Medicredit and requested that all calls to her cellular telephone number cease.

8. Nevertheless, Medicredit continued to place automated calls to Plaintiff's cellular telephone number.

**A. Plaintiff Suffered Actual Damages**

9. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

10. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will

answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone systems have all the earmarks of a predictive dialer.

15. When Plaintiff answered calls from Defendant, she heard silence before Defendant's telephone system would connect her to the next available representative.

16. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

18. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C); and

2. Such other and further relief that the Court may deem just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 14, 2016

Respectfully submitted,

By:  __/s/ Sergei Lemberg_____

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff